```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
NICK WHITE,                   :
                              :
     Plaintiff,               :
                              :
v.                            :    Civil No. 3:07CV1794(AWT)
                              :
NICOLE MARTEL-MOYLAN,         :
MELISSA BILODEAU,             :
CAROLYN HILL, and MACYS'S     :
DEPARTMENT STORE,             :
                              :
     Defendants.              :
------------------------------x
```

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Nick White, brings claims against Officer Nicole Martel-Moylan ("Martel-Moylan"), pursuant to 42 U.S.C. § 1983, for false arrest, false imprisonment, and malicious prosecution, together with related state law claims. The complaint has been dismissed as to the other three defendants, and Martel-Moylan has filed a motion for summary judgment. For the reasons set forth below, the motion is being granted.

**I. BACKGROUND**

On November 17, 2006, Martel-Moylan, an Enfield police officer, went to the Macy's East Men's Department store at the Enfield Square Mall in response to a report about a shoplifter who was in the custody of Melissa Bilodeau ("Bilodeau") and Carolyn Hillis ("Hillis"), Macy's security personnel. Bilodeau and Hillis told Martel-Moylan that White had been observed, on a security monitor, entering a men's fitting room carrying a large number of items of clothing in his hands and two apparently empty

shopping bags from stores that were not located in the mall. Bilodeau and Hillis continued to monitor the fitting room, in person and via the security monitor. White was then observed exiting the fitting room with full shopping bags and only a few items in his hands to return to the sales floor. As they watched, White walked past all the places at which he could have paid for merchandise, and he set off a security sensor as he left the store. Bilodeau then approached White, identified herself as store security, recovered the merchandise, and with Hillis escorted White to the store's security office to wait for the police.

Upon Martel-Moylan's arrival, Bilodeau and Hillis reported what they had seen, and Martel-Moylan reviewed the surveillance video. Based on the statements of Bilodeau and Hillis, her review of the surveillance video, and her training and experience, Martel-Moylan believed she had probable cause to arrest White for violation of Conn. Gen. Stat. § 53a-125, Larceny in the Fourth Degree, which she did.

The plaintiff's defense counsel entered into plea negotiations with the State's Attorney's Office. As a result of those negotiations, on August 22, 2007, the plaintiff appeared in Connecticut Superior Court and pled guilty to a substituted information charging him with breach of peace in violation of Conn. Gen. Stat. § 53a-181 in connection with the November 17, 2006 incident at the Enfield Square Mall. The defendant was

sentenced to a six-month sentence to be served concurrently with a sentence he was already serving. During the proceeding on August 22, 2007, White's defense counsel stated, <u>inter</u> <u>alia</u>, the following:

> I really want the Court to know that in my humble opinion Attorney DuBoff has treated Mr. White through the whole process of this case with the utmost respect. He has always dealt with him fairly. He has made many attempts at a fair negotiation of this case, and today we were able to based on all of our discussions, to reach a resolution of the case that Mr. White is satisfied with and is asking the Court to impose as the agreed-upon imposition, so I am asking at this point, thanking the State's Attorney for all of the effort he's made and the year, almost one year that we have been dealing with Mr. White's case.

Def.'s Local R. 56(a)1 Statement, (Doc. No. 46), Ex. D. White was asked by the court whether he was satisfied with his lawyer's help and he responded that he was.

## II. **LEGAL STANDARD**

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Gallo v. Prudential Residential Servs.</u>, 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." See Celotex Corp., 477 U.S. at 322.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law."

Id. As the Court observed in Anderson: "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [the non-movant's] favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture is insufficient to defeat a motion for summary judgment." Stern v. Trustees of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (internal quotation marks omitted) (quoting

Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which [a] jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252.

Finally, the nonmoving party cannot simply rest on the allegations in his pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. See Celotex Corp., 477 U.S. at 324. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," Weinstock, 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)(quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41. If the nonmovant fails to meet this burden, summary judgment should be granted.

Because the plaintiff in this case is proceeding pro se, the court must read the plaintiff's pleadings and other documents liberally and construe them in a manner most favorable to the

plaintiff.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Moreover, because the process of summary judgment is "not obvious to a layman," Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620 (2d Cir. 1999), the district court must ensure that a pro se plaintiff understands the nature, consequences and obligations of summary judgment, see id. at 620-621.  Thus, the district court may itself notify the pro se plaintiff as to the nature of summary judgment; the court may find that the opposing party's memoranda in support of summary judgment provide adequate notice; or the court may determine, based on thorough review of the record, that the pro se plaintiff understands the nature, consequences, and obligations of summary judgment.  See id.

The court concludes that the plaintiff understands the nature, consequences and obligations of summary judgment.  First, the defendant served the plaintiff with the notice to pro se litigants required by Local Rule 56(b).  Second, the defendant's memorandum explains the nature and consequences of summary judgment and the plaintiff agreed in his opposition that the defendants' memorandum "clearly articulate[s]" the standard. (Pl.'s Opp. (Doc. No. 53) at 1.)  Third, the plaintiff submitted a complete response to the defendant's motion which indicates that he understands summary judgment, notwithstanding the fact that the plaintiff is unable to overcome the deficiencies in his case and create a genuine issue of material fact.

## III.  DISCUSSION

**A. Claims for False Arrest and False Imprisonment**

White brings claims that he was subjected to false arrest and false imprisonment in violation of the Fourth Amendment. To establish a claim under § 1983 for either cause of action, White must demonstrate that (1) Martel-Moylan intended to confine him; (2) White was conscious of the confinement; (3) White did not consent to the confinement; and (4) the confinement was not otherwise privileged. See Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). See also Outlaw v. City of Meriden, 43 Conn. App. 387, 392 (Conn. App. 1996)(the elements for false imprisonment and false arrest are identical). A plaintiff can not prevail on either of these claims if the arresting officer had probable cause to arrest him. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

Probable cause exists when information "sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested" is received. See Curley v. Suffern, 268 F.3d 65, 70 (2d Cir. 2001). "Probable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful." Krause v. Bennett, 887 F.2d 362, 371 (2d Cir. 1989).

At the time of White's arrest, Martel-Moylan had probable cause to arrest him. Bilodeau and Hillis had told Martel-Moylan their account of what had occurred, and Whites's actions, as recounted by Bilodeau and Hillis, provided probable cause for the

-8-

arrest.  In addition, White may not challenge the existence of probable cause for his arrest when he has pled guilty to charges stemming from that arrest.  See Pouncey v. Ryan, 396 F. Supp. 126, 127 (D. Conn. 1975)(Newman, J.)(at common law and under § 1983 a plaintiff may not bring a claim for false arrest challenging probable cause "in the face of a valid judgment of conviction").  "The application of this policy is most appropriate where . . . the conviction resulted from a voluntary plea of guilty."  Id. at 127.  Here, after negotiations with the prosecutor, White pled guilty to a lesser charge arising out of the same incident.

White argues that "the original order for probable cause was based on the illegal manipulation of the video surveillance [sic] tapes, and the Store employees perjured testimony corroborating facts not in existence on the aforemention[ed] tapes."  (Pl.'s Opp. at 2.)  He also argues that [b]ased on the court's viewing of the actual videotapes, the court refuse[d] to sustain the original finding of probable cause, thereby leaving the State's Attorney with no other option but to negotiate for a plea agreement."  (Id.)  He argues further that "the videotapes would clearly demonstrate a lack of probable cause. . . ."  (Id. at 3.)

However, the plaintiff provides no evidentiary support for his contention that the court refused to sustain the original finding of probable case, and that contention is flatly

contradicted by his defense attorney's negotiation of a plea with the prosecutor and the court's sentencing him on the charge in the substituted information. In any event, the plaintiff can not overcome the fact that he pled guilty to charges arising out of the incident for which he was arrested and, for that reason, can not challenge the existence of probable cause.

Therefore, Martel-Moylan is entitled to summary judgment on these claims.

### B. Malicious Prosecution

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and establish the elements of a malicious prosecution under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) (citations omitted). Under Connecticut law, to prove a claim for malicious prosecution, the plaintiff must demonstrate the "initiation or procurement of the initiation of criminal prosecution with malice for a purpose other than bringing an offender to justice; that the defendant acted without probable cause, and the criminal proceedings terminated in favor of the plaintiff." Chipperini v. Crandall, 253 F. Supp. 2d 301 (D. Conn. 2003). As discussed above, Martel-Moylan had probable cause to arrest White. In addition, the criminal proceedings did not terminate in favor of the plaintiff because he pled guilty to the substituted

information.

Therefore, Martel-Moylan is entitled to summary judgment on this claim.

**C. Pendent State Law Claims**

White also brings what appear to be state law claims for "pain and suffering", "false statement", "mental anguish", "violation of civil and constitutional rights", "infliction of emotional distress", "harassment", "assault and battery", "kidnapping", "coercion", "unlawful detention", "obstruction of justice", "false arrest", and "false search and seizure." (Compl. at ¶ 6).

"The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). While dismissal of the state law claims is not mandatory, Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. Accordingly, the court

-11-

declines to exercise supplemental jurisdiction over White's state law claims.

**IV.  CONCLUSION**

For the reasons set forth above, defendant Nicole Martel-Moylan's Motion for Summary Judgment (Doc. No. 46) is hereby GRANTED.[1]

The Clerk shall enter judgment in favor of defendant Nicole Martel-Moylan and close this case.

It is so ordered.

Dated this 19th day of November 2008 at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge

---

[1] In his memorandum in opposition to the instant motion, White asks the court to reconsider its previous order dismissing the complaint as it pertained to Bilodeau and Hillis. To the extent that this request constitutes a separate motion, it is being denied for substantially the reasons set forth in the order denying the plaintiff's Motion to Amend/Correct. (See Doc. Nos. 36 & 58.) Moreover, in any event, the plaintiff could not prevail on his § 1983 claims against those individuals because he pled guilty to charges arising out of the November 17, 2006 incident.

-12-